NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH GRIMES, | No. 14-16975 |
| Plaintiff - Appellant, | D.C. No. 1:13-cv-00393-DLB |
| v. | |
| MARTIN BITER, Warden; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding**

Submitted December 9, 2015***

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

California state prisoner Joseph Grimes appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants

failed to protect him from an inmate attack.  We have jurisdiction under 28 U.S.C.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*        Grimes consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

\*\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A).  We affirm.

The district court properly dismissed Grimes's Eighth Amendment failure-to-protect claim because Grimes failed to allege facts sufficient to show that defendants acted with deliberate indifference to his safety.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a claim of deliberate indifference requires showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety"); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff still must present factual allegations sufficient to state a plausible claim for relief).

The district court properly dismissed Grimes's Fourteenth Amendment claim because Grimes failed to allege facts supporting a separate theory of liability under the Fourteenth Amendment.  *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) (where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, a claim must be brought and analyzed under the more specific provision).

The district court did not abuse its discretion by denying Grimes's motions

14-16975

to reconsider the dismissal because Grimes failed to establish a basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (standard of review and grounds for granting reconsideration).

We reject Grimes's contentions concerning the district court's alleged bias and prejudice, and its alleged deprivation of his federal rights.

We do not consider Grimes's contentions concerning the district court's denial of appointment of counsel because Grimes failed to file a new or amended notice of appeal after the district court issued its rulings. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

**AFFIRMED.**